UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON PASCALE, | Civil Action No. 20-2572 (FLW) |
| Plaintiff, | |
| v. | |
| SOUTHERN STATE CORRECTIONAL FACILITY, MEDICAL DEPARTMENT, et al., | MEMORANDUM & ORDER |
| Defendants. | |

*Pro se* Plaintiff Jason Pascale ("Plaintiff"), a convicted state prisoner, has filed a *pro se* Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. *See* ECF No. 1. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 3.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially

plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F. Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, pro se litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). "To survive sua sponte screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible." *Black v. United States*, 436 F. Supp.3d 813, 815 (D.N.J. 2020) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

Here, Plaintiff purports to raise civil rights claims pursuant to 42 U.S.C. § 1983 arising from his surgery at St. Francis Medical Center ("St. Francis") for a prolapsed rectum. At the time of his surgery in 2019, Plaintiff was prescribed Suboxone, which blocks the effectiveness of opioids, and medical staff at St. Francis prescribed opioid pain medication for Plaintiff's post-surgery pain. *See* Complaint at 5-6. Due to miscommunication or a lack of communication between St. Francis medical staff and the medical department at SSCF, Plaintiff remained on the Suboxone and allegedly did not have effective pain management until the blockers in the Suboxone wore off three days after the surgery. *Id*. At the time of his surgery, Plaintiff was also

prescribed Zepatier as a treatment for Hepatitis C, and he alleges that the medical department at SSCF did not give him a supply of this medication prior to his surgery. *Id.* Because St. Francis medical staff would not provide the Zepatier, Plaintiff missed nine days of the medication.[1] *Id.* Plaintiff has sued several entities for these alleged violations of his civil rights—The State of New Jersey, SSCF and/or SSCF Medical Department, and Saint Francis.

Although the Complaint does not list any individual Defendants, it includes allegations against Jeffrey Pomerantz, M.D. ("Dr. Pomerantz"), the doctor at SSCF who diagnosed him with a prolapsed rectum. *See* Complaint at 5-6. According to Plaintiff, Dr. Pomerantz "lied in his report" and stated that Plaintiff was refusing surgery. *Id.* Plaintiff grieved the incident and was scheduled for the surgery. *Id.* Dr. Pomerantz was allegedly bitter, however, and would not take Plaintiff's sick calls after he filed the grievance. *Id.* Instead, a nurse would relay information between Plaintiff and Dr. Pomerantz. *Id.* Although it is not entirely clear, Plaintiff appears to imply that the errors with his medications occurred because Dr. Pomerantz did not see him prior to his surgery or because Dr. Pomeranz was bitter about Plaintiff's grievance. *Id.*

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To establish a claim under § 1983, Plaintiff must establish a deprivation of a federally protected right and that this deprivation was

---

[1] Plaintiff is unsure whether missing the nine days of Zepatier will cause any lasting harm. *Id.*

committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

The Court begins with the entity Defendants. From the outset, the State of New Jersey is not a person subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's § 1983 claims against the State of New Jersey are dismissed <u>with prejudice</u> for failure to state a claim upon which relief may be granted. Likewise, a prison is not a "person" amenable to suit under § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989); ); *Bennett v. New Jersey*, 2010 WL 5169070, at *6–7 (D.N.J. December 14, 2010) (neither the county jail nor the county jail medical clinic are a "person" or an entity able to be sued apart from the county). Accordingly, this Court dismisses with prejudice the § 1983 claims asserted against SSCF and/or the SSCF Medical Department.

St. Francis Medical Center appears to be a private party and, therefore, is only liable under § 1983 if it can "fairly said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has not pleaded sufficient facts to suggest that St. Francis is a state actor. In addition, because Plaintiff has not sued any individuals who treated him at St. Francis, and the entity may not be held vicariously liable under § 1983 for the alleged wrongful conduct of its employees, such claims fail as a matter of law. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691–94 (1978)). For these reasons, the Court will dismiss without prejudice the claims against St. Francis.

In addition to the claims against the entities above, the Court construes Plaintiff to allege that Dr. Pomerantz was deliberately indifferent to his serious medical needs in connection with the medication errors. The Constitution requires prison officials to provide basic medical

4

treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In order to state a claim for relief, Plaintiff must show a "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003)(citation omitted).

The test for "deliberate indifference" requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Natale*, 318 F.3d at 582. To demonstrate the deliberate indifference prong of *Estelle*, a plaintiff must provide facts showing that Dr. Pomerantz or other prison medical staff was more than merely negligent in failing to stop his Suboxone or forgetting to provide him with Zepatier. Mere medical malpractice or disagreement with the proper treatment of an illness cannot give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990); *see also Rouse*, 182 F.3d at 197. The Court of Appeals has concluded that the deliberate indifference standard is met "when prison officials 1) deny reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay necessary medical treatment for non-medical reasons, or 3) prevent an inmate from receiving recommended treatment for serious medical needs, or deny access to a physician capable of evaluating the need for treatment." *Whooten v. Bussanich*, 248 F. App'x. 324, 326–27 (3d Cir. 2007) (citing *Monmouth v. Lanzaro*, 834, F.2d 326, 346–47 (3d Cir. 1987); *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)). The Third Circuit has also held that prison officials who continue a course of treatment they know is painful, ineffective, or entails a substantial risk of

5

serious harm act with deliberate indifference.  *See Rouse*, 182 F.3d at 197; *White*, 897 F.2d at 109.

Here, Plaintiff has not pleaded sufficient facts to show that that Dr. Pomerantz or any other medical professional at SCCF acted with deliberate indifference to his serious medical needs.  The facts provided in the Complaint suggest that the medication errors occurred as a result of negligence and do not rise to the level of deliberate indifference.  Moreover, although Plaintiff vaguely suggests that Dr. Pomerantz was bitter that Plaintiff filed a grievance about him, Plaintiff does not provide facts suggesting that that Dr. Pomerantz was involved at all in the medication errors.  As such, his allegations are insufficient to state a claim for relief for deliberate indifference as to Dr. Pomerantz.

It is possible that Plaintiff is attempting to assert a First Amendment retaliation claim against Dr. Pomerantz.  In the prison context, the elements of a First Amendment retaliation claim are that: (1) the prisoner engaged in constitutionally protected conduct, (2) prison officials took an adverse action against the prisoner that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) there is a causal link between the exercise of the prisoner's constitutional rights and adverse action taken against him. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).  Plaintiff asserts that Dr. Pomerantz was bitter about Plaintiff's grievance, and would not take Plaintiff's sick calls.  According to Plaintiff, he saw the nurse at the sick calls, and she relayed information between Plaintiff and Dr. Pomerantz.  Plaintiff further implies that the failure to see Plaintiff contributed to the errors with respect to his medications,  he has not provided any facts to suggest Dr. Pomerantz intentionally continued Plaintiff's Suboxone or failed to provide the Zepatier in retaliation for Plaintiff's grievance.  As such, there is no causal

link between Plaintiff's filing of the grievance and the medication errors. The refusal to take Plaintiff's sick calls, without more, does not amount to an adverse action sufficient to deter a reasonable person from exercising his First Amendment rights because Plaintiff continued to receive medical treatment. For these reasons, the First Amendment retaliation claim against Dr. Pomerantz is dismissed without prejudice.

Finally, Plaintiff mentions in his Complaint that he is attempting to file a tort claims notice with the State. Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). To the extent Plaintiff is seeking to bring state law claims against any of the Defendants, the Court declines supplemental jurisdiction at this time, as it has dismissed without prejudice the federal claims.[2]

For the reasons explained in this Memorandum Opinion, the federal claims in the Complaint are dismissed as to all Defendants. Although the Court has reviewed Plaintiff's additional letter submissions, it declines to construe these submissions as amendments to his original Complaint. *See* ECF Nos. 4-5. Plaintiff may submit an Amended Complaint within 30 days to the extent he can cure the deficiencies in those federal claims the Court has dismissed without prejudice.

**IT IS THEREFORE**, on this 2nd day of March 2021,

---

[2] If Plaintiff files an amended complaint and states one or more federal claims for relief, the Court will address whether she has stated any state law claims for relief at that time.

**ORDERED** that the § 1983 claims against the State of New Jersey and SSCF are dismissed WITH PREJUDICE pursuant to the Court's screening authority under § 1915(e)(2)(B); and it is further

**ORDERED** that the remaining § 1983 claims against St. Francis and Dr. Pomerantz are dismissed WITHOUT PRJUDICE pursuant to the Court's screening authority under § 1915(e)(2)(B); and it is further

**ORDERED** that having dismissed the federal claims, the Court declines supplemental jurisdiction over any remaining state law claims; and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint within 30 days from the date of this Order, to the extent he can cure the deficiencies in his federal claims that the Court has dismissed without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and ADMINISTRATIVELY TERMINATE this matter accordingly.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge